■ SWEZEY & NEWINS, INC., Appellant, v. SWEZEY FUEL COMPANY, Respondent.— In an action to recover damages for injuries to property caused by fire allegedly due to negligence, the appeal is from a judgment, entered on the verdict of a jury, dismissing the complaint. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Ughetta and Kleinfeld, JJ.

■ TWENTY-ONE WHITE PLAINS CORP. et al., Appellants, v. VILLAGE OF HASTINGS-ON-HUDSON et al., Respondents.— In an action for a judgment declaring null and void a village ordinance which changed the classification of a single parcel of real property from a " C " residence zone to a business zone, and for other relief, the appeal is from a judgment, entered after trial, dismissing the complaint. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ VENDALL, INC., Appellant, v. STATLER MANUFACTURING CORP. et al., Respondents.— Appeal from an order which granted respondents' motion to dismiss the second amended complaint for failure to state a cause of action. The action is to recover damages for wrongful interference with negotiations between appellant and a third party which, but for such interference, would have resulted in a contract. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. In our opinion, the complaint is sufficient within the rule laid down in *Williams & Co.* v. *Collins Tuttle & Co.* (6 A D 2d 302) and *Horn* v. *Isbrandtsen Co.* (4 A D 2d 855). The deficiencies pointed out in the prior appeals in this action (*Vendall, Inc.*, v. *Statler Mfg. Corp.*, 5 A D 2d 882, 7 A D 2d 936) have been overcome in the present pleading. Wenzel, Acting P. J., Beldock, Ughetta and Kleinfeld, JJ., concur.

■ AARON WALLACE et al., Respondents, v. PHILIP PERLMAN et al., Appellants.— Appeal from an order denying a motion to dismiss the complaint, which alleges three causes of action, for insufficiency (Rules Civ. Prac., rule 106, subd. 4). The action is for specific performance of alleged agreements to transfer to each of the respondents one third of the capital stock of the corporate appellant, or to cause to be issued to each of the respondents a certificate representing one third of said stock, and for other relief. Order affirmed, with $10 costs and disbursements. The second cause of action alleges that the individual appellant has had possession and control of all the authorized stock of the corporate appellant since December, 1955 and that he and the respondents entered into a written agreement on June 11, 1957, which recites that the individual appellant is the holder of five shares of stock in the corporate appellant and that each of the respondents is the holder of five shares of stock in certain other corporations, and provides generally to the effect that each of the parties to the said agreement shall have a one-third ownership interest in all of said stock in common with the others. In our opinion, these allegations spell out an enforcible agreement. Since the motion was not one to dismiss any specific cause of action, or each of the causes, but to dismiss the entire complaint, the motion could not properly have been granted so long as any one of the causes is sufficient (*Oshins* v. *Zimmerman*, 284 App. Div. 989). Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.